UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| HOWARD LEE HALL,<br><br>Plaintiff,<br><br>v.<br><br>SHERIFF OF ALLEN COUNTY,<br><br>Defendant. | CAUSE NO. 1:26-CV-335-JD-APR |

OPINION AND ORDER

Howard Lee Hall, a prisoner without a lawyer, filed a complaint that did not state a claim. ECF 1. He was granted leave to file an amended complaint. ECF 4. His amended complaint is now before the court. ECF 5. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Hall alleges there is soy in the food served at the Allen County Jail where he is a pre-trial detainee. He says he does not want to eat soy because he believes it is unhealthy. When he complained about the soy, he was placed on sick call even though he was not sick. He was charged $15 for the medical appointment. He objects to the charge because he believes it should have been free.

Under the Fourteenth Amendment, a pre-trial detainee cannot be punished without due process of law. *Bell v. Wolfish*, 441 U.S. 520 (1979). "In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Id.* at 539. "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) (*quoting Bell*). "This framing asks strictly whether the defendant intended to commit the physical act that caused the alleged injury." *Pittman v. Madison Cnty., Illinois*, 108 F.4th 561, 570 (7th Cir. 2024). The amended complaint presents no facts from which it can be plausibly inferred that there was an intent to punish Hall by serving food containing soy. Neither does it show that serving food with soy was excessive or irrational.

Hall does not allege that eating soy makes him sick. Rather, he alleges it was wrong to send him to medical because he was not sick. He objects to being charged for the medical visit, but the constitution "does not compel prison administrators to provide cost-free medical services to inmates who are able to contribute to the cost of their care." *Poole v. Isaacs*, 703 F.3d 1024, 1026 (7th Cir. 2012). Hall was not denied medical care; he had the appointment and was charged for it. His inmate trust fund ledger shows he could not pay the charge, and he has a medical debt of $14.88. ECF 6 at 2. Neither referring Hall to medical in response to his complaints about soy in the food nor charging him for the appointment violated his constitutional rights.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A because the amended complaint does not state a claim for which relief can be granted.

SO ORDERED on August 19, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT